UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.     Criminal Case No.  18-20174

    Sean F. Cox
Kari De-Marco Kimpson,     United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Kari De-Marco Kimpson ("Defendant") was convicted of two drug offenses and was sentenced to a term of thirty-three months of imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"), and asks the Court to allow Defendant to serve the remainder of his sentence at home. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to two counts of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a). This Court sentenced Defendant to a term of 33 months of imprisonment. (*See* ECF No. 82, Judgment). His guidelines range was 33 to 41 months of imprisonment.

This Court imposed sentence upon Defendant on May 3, 2019. Before doing so, this Court carefully considered the applicable § 3553(a) factors as they relate to Defendant and

discussed them on the record:

      THE COURT:  Sir, you pled guilty to Count Five, possession with intent to distribute controlled substances, as well as Count Six, possession with intent to distribute controlled substances with a Rule 11 on November 29th of last year.

      In a moment, I'm going to impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. Section 3553(a).

      I've considered the nature and circumstances of the offense.  On November 2, 2017 you consented to a search of your home after law enforcement identified you, Bradford Jones, Derrick Solomon, and Christine Rourke as co-conspirators to distribute controlled substances, specifically heroin.

      During a search of your home, law-enforcement seized a .45 caliber pistol, one Smith & Wesson rifle, four live rounds of .30 caliber ammunition, one live round of .45 caliber ammunition, 16 grams of heroin, ten grams of crack cocaine, narcotics packaging material, and a digital scale.  Obviously, you were dealing crack cocaine and heroin, a serious offense.

      I've considered your history and your characteristics.  Okay.  Criminal history.  At age 27 -- you know, you're no kid.  You pick up a CCW case.  You have no business being in or around possession of any firearms at all.  That is very, very troubling.

      In 2001, you're 29.  You pick up a drug dealing offense, delivery, and manufacture of, I believe it was cocaine.  You were selling cocaine.  That was over at Recorder's Court.

      You got a break.  You got placed on three years probation.

      Then you were also involved with alcohol.  You picked up in 2008, age 36, you're no kid, open alcohol in acar.

      Two-thousand-and-eleven, 39, again you picked up a drunk driving offense.  And then you also pick up a carrying a concealed weapon and a traffic offense and that you also pick up while under the -- I'm sorry.  Ms. Silver, you weregoing to say something?

      MS. SILVER:  No, when you're finished,  Judge.  I didn't want to --

      THE COURT:  If I say something inaccurate, let me know.

      MS. SILVER:  No.  There's something I wanted to add. When you're finished.

      THE COURT:  Sure, sure. And you know, you're not supposed to have guns because of your prior conviction, firearms.  And then you're driving drunk with a pistol, and you have no right to be in possession of any firearms.  And, in fact, you had a .45 caliber with nine live rounds, and you also had $10,000 in cash on your person.

      In 2013, at age 41, you pick up your second drunk driving case.  And at that time you blew a .22 twice.  You are a grown man.  You are not a kid.

      And I've also, again reviewed your history and your family data.  You are 47.  You've got some college.  You are an intelligent individual.  You've been

>   married to Chandice (phon.) since 2010, nine years, but clearly you have issues with alcohol and substance abuse. You do work. So I've considered your history and your characteristics.
>   I've considered the need for the sentence imposed to reflect the seriousness of the offense, and obviously, this is a very serious offense. But I think probably a lot of it was also driven by your own substance abuse issues.
>   To promote respect for the law, and to provide just punishment for this offense.
>   To afford adequate deterrence to criminal conduct and to protect the public from further crimes by you.
>   Unless you get a hold of these substance abuse issues, you're going to be back here, going to prison for a lot longer.
>   I've considered the need to provide you with needed educational, or vocational training, medical care, or other correctional treatment in the most effective manner.
>   I've considered the kinds of sentences available; the max is 20. You got a break. This plea is a huge break in my opinion. Your guidelines, which are advisory, at 33 to 41 months. Probation is an option, but I'm not going to give you probation. So I've considered the kinds of sentences, and the sentencing range.
>   And I also -- I'm sure Ms. Silver has gone over sentences I gave to Jones, Solomon. And Rourke, as you probably know, is in drug treatment right now, and she's up for sentencing in June. And their sentences obviously are substantially less than yours, but their role in this case was much, much less than yours.
>   So I have considered co-defendants and the sentences I gave them. And I have thought about Ms. Rourke's sentence as well. So I have considered all factors under 18 U.S.C. Section 3553(a) in imposing the sentence I'm going to impose upon you right now.

(ECF No. 97, Sentencing Transcript, at 7-11).

Defendant is now serving his sentence, which he began serving in 2019. He is currently being housed at Morgantown FCI. His projected release date is October 13, 2021.

On October 1, 2020, Defendant filed a Motion for Compassionate Release, claiming that he is at risk of the more severe complications from COVID-19, if he were to contract the virus, due to his medical conditions. (ECF No. 100). Defendant is 49 years old. Defendant claims that he is overweight, with a recorded Body Mass Index (BMI) of 28.6 and 27.2 while incarcerated. Defendant also states that he has had blood in his stool, off and on, for a few years. Defendant

also contends that he should be released because the current pandemic has placed a great strain on his wife's ability to adequately provide for their children, who are now grown.

The Government agrees that Defendant has exhausted his administrative remedies but opposes the motion on the merits. It argues that even if Defendant could show extraordinary circumstances because his weight places him at greater risk of complications from COVID-19, if he were to contract it, Defendant's motion should be denied because a consideration of the § 3553(a) factors weighs against his release.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Jones*, __ F.3d __, 2020 WL 68117488 at *1 (6th Cir. Nov. 20, 2020).

"An imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *Id.* at *4. Here, it is undisputed that Defendant exhausted his administrative remedies, and therefore, the Court may consider Defendant's motion.

The United States Court of Appeals for the Sixth Circuit has recently held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry. "The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must 'find[]' whether 'extraordinary and compelling reasons warrant' a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).[1]" *Jones, supra,*

---

[1] Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii).

at *6.

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Id.* (quoting 3582(c)(1)(A)) (emphasis added). "The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)." *Id.* "Thus, if § 1B1.13 is still 'applicable,' courts must 'follow the Commissions's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *Jones, supra* (citing *Dillon, supra*). The Sixth Circuit held in *Jones* that § 1B1.13 does not apply "to cases where an imprisoned person files a motion for compassionate release." *Jones, supra*, at * 7. That means that, '[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*, at * 9.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at * 7 (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release to prisoners. *See, e.g., United States v. Shah*, No.

16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, however, Defendant asserts more than a generalized concern about the virus. Although Defendant is only 49 years old, Defendant is overweight and that condition could place him at heightened risk of the more severe complications of the virus, if he were to contract it.

Even if this Court were to conclude that Defendant's concerns about the pandemic constitute extraordinary and compelling circumstances,[2] this Court concludes, as a matter of its discretion, that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case. *See United States v. Ruffin,* 978 F.3d 1000, 1001 (6th Cir. Oct. 26, 2020) (Noting the "statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

As this Court noted on the record at Defendant's sentencing, the offense in this case was a very serious offense. Defendant was the leader of a low-level heroin conspiracy. This Court continues to believe that Defendant was given a huge break by the plea agreement he was given in this case. And then he was given an additional break when this Court sentenced him at the bottom of the guidelines range.

---

[2]This Court has considered Defendant's claimed family circumstances and concludes that they do not warrant release.

6

In addition, Defendant has a criminal history that include other controlled substances offenses and two drunk-driving convictions.

Releasing Defendant now would not reflect the seriousness of his offense or promote respect for the law.

In sum, consideration of the § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment weigh against Defendant's request for compassionate release. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: December 10, 2020